# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

**CRIMINAL COMPLAINT**

MICHELE BLACKWOOD, and
KIRK STEWART

(Name and Address of Defendant)

CASE NUMBER: 00-4096-AmS

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about May 4, 2000, in Broward County, in the Southern District of Florida, defendants did knowingly and intentionally conspire to and did import into the United States a controlled substance, to wit, cocaine, from a place outside thereof.

in violation of Title 21 United States Code, Sections 952(a) and 963

I further state that I am a(n) Special Agent/U.S. Customs Service and that this complaint is based on the following facts:

Official Title

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached and made a part hereof: [x] Yes [ ] No

Signature of Complainant

Sworn to before me, and subscribed in my presence,

May 5, 2000                     at Miami, Florida
Date                               City and State

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer        Signature of Judicial Officer

## AFFIDAVIT

I, Richard A. Jolles, being duly sworn, do hereby depose and state the following:

1. I am employed as a Special Agent with the United States Customs Service ("Customs"), United States Department of the Treasury, Ft. Lauderdale, Florida, and have been so employed since February, 1998. Formerly, I was employed as an officer of the U.S. Immigration and Naturalization Service, where I spent 1 ½ years as a U.S. Border Patrol Agent and two years as an INS Adjudications Officer. I am currently assigned to the South Broward Drug Enforcement Unit, a multi-agency task force involved in the investigation of narcotics smuggling and money laundering. I have received training and been assigned to conduct investigations of criminal violations of the United States Code as enumerated in Titles 18, 19, 21, 22, 31 and various other federal statutes. The following information is based upon my personal knowledge and that of my fellow agents and Customs Inspectors. Since this affidavit is being submitted for the limited purpose of providing probable cause for a complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of the complaint.

2. On May 4, 2000, U.S. Customs Inspectors in Fort Lauderdale, Florida, conducted an inbound inspection of passengers arriving into the United States at Fort Lauderdale International Airport from Kingston, Jamaica onboard Air Jamaica Flight #87. One of the passengers inspected was MICHELE BLACKWOOD.

3. While standing in line for a primary Customs inspection, a United States Customs Service Canine alerted to BLACKWOOD'S shoes. BLACKWOOD was referred for a secondary examination. Again the United States Customs Service Canine alerted to BLACKWOOD'S

1

shoes. BLACKWOOD'S shoes were removed and one of the shoes was probed, revealing a white powdery substance. Inspectors field-tested the substance which was positive for cocaine. The shoes were then x-rayed. Irregular densities were detected during the x-ray. The approximate gross weight of the shoes was 2.87 pounds.

4. Thereafter, BLACKWOOD was advised of her Miranda warnings, waived them and agreed to cooperate. She stated that she had been solicited to bring the cocaine-laden shoes into the United States by KIRK STEWART. She further stated that she had done this same thing the weekend of April 8-9, 2000. She told Custom's Agents that she traveled on this occasion and the last occasion with KIRK STEWART, who was the supplier of the cocaine. As had occurred during the April 2000 importation, STEWART was to take possession of the cocaine-laden shoes after they were successfully imported into the United States and would pay BLACKWOOD approximately $1,000 for her efforts.

5. Customs Agents approached STEWART and checked his passport and belongings. STEWART'S passport indicated that he had indeed come into the United States from Jamaica on April 8, 2000 and departed for Jamaica on April 9, 2000. In fact, consistent with the information that had previously been provided by BLACKWOOD, the two had flown to Jamaica on the same flight and the stamps in their passports indicate the same Jamaican inspector stamped both passports on April 9, 2000.

6. BLACKWOOD had also stated that the ticket she used to fly to the United States as well as the cocaine-laden shoes had been provided to her by STEWART and an associate of his. A comparison of BLACKWOOD'S ticket and STEWART'S ticket indicate that they were issued on the same day, by the same travel agency and the airline tickets had stock numbers that were only two digits apart.

7 According to STEWART'S passport, he has flown between Jamaica and the United States 16 time in the past 14 months

8. STEWART told customs agents that he had come to the United States to buy auto parts and that he was a self-employed musician.

9. Your affiant submits that based on the facts there exists probable cause to believe that, MICHELE BLACKWOOD AND KIRK STEWART did knowingly conspire to import into the United States, from a place outside thereof, a Schedule II controlled substance, to wit, cocaine, in violation of Title 21, United States Code, Sections 952(a) and 963.

FURTHER YOUR AFFIANT SAYETH NAUGHT

RICHARD A. JOLLES, SPECIAL AGENT
UNITED STATES CUSTOMS SERVICE

Sworn and subscribed to before me this
5th day of May, 2000.

UNITED STATES MAGISTRATE JUDGE

3

**UNITED STATES DISTRICT COURT**
Southern District of Florida

| UNITED STATES OF AMERICA<br>Plaintiff | Case Number: CR _____ |
|---|---|
| V.S.<br><br>_Michelle Blackwood_<br>**Defendant** | REPORT COMMENCING<br>CRIMINAL ACTION<br><br>60644-004 |

TO: Clerk's Office          Miami          Ft. Lauderdale          **W. Palm Beach**
U.S. District Court                              (Circle One)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN MAGISTRATES COURT ABOVE.

All items are to be completed. Information not applicable or unknown will be indicated "N/A"

(1) Date and Time of Arrest: 5/4/00   2:49 PM

(2) Language Spoken: ENGLISH

(3) Offense(s) Charged: 21USC952-UNLAWFUL IMPORTATION OF NARCOTICS
    21USC841(A) - POSS. W/H INTENT TO DISTR. NARCOTICS

(4) U.S. Citizen     (x) Yes     ( ) No     ( ) Unknown

(5) Date of Birth: 7-29-73

(6) Type of Charging Document:   (Check One)
    ( ) Indictment   (x) Complaint   To be filed/Already filed

CASE# _____
N/A ( ) Bench Warrant for Failure to Appear
N/A ( ) Probation Violation Warrant
N/A ( ) Parole Violation Warrant

Originating District: N/A
COPY OF WARRANT LEFT WITH BOOKING OFFICER ( ) YES   ( ) NO   N/A

Amount of Bond: $ _____ Who set Bond: _____
(7) Remarks: _____
                                              (Eddie)
(8) Date: 5/4/00     (9) Arresting Officer: HERIBERTO CRUZ S/A USCS
(10) Agency: U.S. CUSTOMS SERVICE (11) PHONE: 954-921-3509
(12) Comments: _____