UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6115-CR-DIMITROULEAS

UNITED STATES OF AMERICA,  :

    Plaintiff,  :

v.  :

MICHELE BLACKWOOD, et al.,  :

    Defendants.  :

_____



### DETENTION ORDER

Pursuant to 18 U.S.C. § 3142(f), on May 22, 2000, a hearing was held to determine whether the defendant **Kirk Stewart** should be detained prior to trial. Having considered the factors enumerated in 18 U.S.C. § 3142(g), this Court finds that no condition or combination of conditions will reasonably assure the appearance of this defendant as required and/or the safety of any other person and the community. Therefore, it is hereby ordered that the defendant **Kirk Stewart** be detained prior to trial and until the conclusion thereof.

In accordance with the provisions of 18 U.S.C. § 3142(i), the Court hereby makes the following findings of fact and statement of reasons for the detention:

1. The defendant is charged with conspiracy to import and to possess with intent to distribute cocaine, importation of cocaine, and possession of cocaine with intent to distribute, in



violation of 21 U.S.C. §§ 963, 846, 952 and 841(a)(1). Therefore, the defendant is charged with offenses involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2. The weight of the evidence against the defendant is substantial. Government witnesses will testify that the defendant and co-defendant Michele Blackwood traveled together from Jamaica to Fort Lauderdale. At the direction of the defendant, co-defendant Blackwood concealed a quantity of cocaine in her platform shoes. In a post-arrest statement, Ms. Blackwood admitted her involvement in the offense and described the role of the defendant. 18 U.S.C. § 3142(g)(2).

3. The pertinent history and characteristics of the defendant are that he is a Jamaican citizen, who entered the United States in April 8, 2000, on a temporary visitor's visa. His passport reflects that he has made sixteen trips to the United States from Jamaica within the past fourteen months. At the time of his arrest, the defendant had in his possession a three separate pieces of identification, each showing a different date of birth. The defendant resides in Jamaica with his mother and two siblings, and has virtually no ties to the United States. It is highly unlikely that he would appear for trial if released on bond. 18 U.S.C. § 3142(g)(3)(A) and (B).

4. The Court specifically finds that there are no conditions or combination of conditions which reasonably will

assure the defendant's appearance as required and/or the safety of any other person and the community. 18 U.S.C. § 3142(e).

Based upon the above findings of fact, which were supported by clear and convincing evidence, the Court has concluded that this defendant presents A serious risk of flight if released prior to trial. The Court hereby directs:

(a) That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal;

(b) That the defendant be afforded reasonable opportunity for private consultation with counsel; and

(c) That, on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida, this 25th day of May, 2000.

LURANA S. SNOW
UNITED STATES MAGISTRATE JUDGE

Copies to:

AUSA Lynn Rosenthal (FTL)
Pretrial Services (FTL)
Jason Grey, Esq.