UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No 00-6115-CR-DIMITROULEAS

UNITED STATES OF AMERICA )
)
)
v. )
)         **NIGHT BOX**
KIRK STEWART, )         **FILED**
)
Defendant )         **JUN 2 0 2000**
)
                                           CLARENCE MADDOX
                                           CLERK, USDC / SDFL / FTL

## GOVERNMENT'S MOTION FOR NINE-DAY TRIAL CONTINUANCE

The United States of America, by and through undersigned counsel, hereby moves for a nine-day continuance of the trial date in the above-captioned case. The reasons for this motion are as follows:

1. On Tuesday, June 20, 2000, Marcia Gutzmore, a federal prisoner at an out-of-town facility, identified defendant as the man who provided her with cocaine to smuggle into the United States onboard an Air Jamaica flight. Gutzmore is currently in jail as a result of this incident.

2. Similarly, Shawn Linton is a federal prisoner at an out-of-town facility who pled guilty last year to charges of importation of cocaine from Jamaica. Based on a statement that Linton provided to law enforcement officials following his guilty plea, the United States has reason to believe that on yet another occasion, defendant provided Linton with the cocaine for which he was charged, and then accompanied Linton on his flight to the United States. Because Linton's counsel has not been able to make contact with Linton in order to authorize United States agents to contact Linton, to date, the United States has not been able to confirm this information.



3. Both of these incidents represent intrinsic evidence of uncharged offenses that arose out of the same series of transactions as the charged offenses. United States v. Muscatell, 42 F.3d 627, 630 (11th Cir. 1995) ("Evidence of criminal activity other than the charged offense is not extrinsic within the meaning of Rule 404(b) if it is an uncharged offense that arose out of the same transaction or series of transactions as the charged offense."), see also United States v. Utter, 97 F.3d 509, 513 (11th Cir. 1996) ("'Bad acts' evidence is not extrinsic under Rule 404(b) if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense."), United States v. Schlei, 122 F.3d 944, 990 (11th Cir. 1997) (citing Muscatell), cert. denied, 523 U.S. 1077 (1998).

4. Moreover, the modus operandi used by defendant in the Gutzmore and Linton incidents mirrors his conduct in the current case, where defendant provided his co-defendant, Michelle Blackwood, with cocaine to smuggle into the United States and then accompanied her on the flight. Thus, to the extent that the Court may not consider the Gutzmore and Linton evidence to constitute evidence of uncharged offenses that arose out of the same series of transactions as the charged offenses, the evidence is alternatively admissible pursuant to Rule 404(b), Fed. R. Evid. See United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir 1998) (Evidence must meet three requirements to be admissible under Rule 404(b) (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the requirements of Rule 403)

2

5. Upon learning that Gutzmore had identified defendant as the individual who had provided her with the cocaine she attempted to import into the United States, the United States immediately forwarded requests to produce Gutzmore and Linton for trial Monday, June 26, 2000. The Marshal Service, however, explained that it was unable to produce Gutzmore and Linton any earlier than two weeks from the date of the requests for production. Despite the best efforts of the United States to arrive at a speedier manner of transport for Gutzmore and Linton, the Marshal Service remains unable to produce Gutzmore and Linton any earlier.

6. For the reasons stated above, Gutzmore and Linton are necessary witnesses in the above-referenced trial.

7. The United States has exhausted all avenues of securing the appearances of Gutzmore and Linton before July 5, 2000.

8. As of July 5, 2000, by the government's calculation, fifty-five days will have passed on the Speedy Trial Calendar, leaving fifteen days remaining during which trial must begin in this case barring the occurrence of any Speedy Trial Clock-stopping incident.

9. Counsel for the United States attempted repeatedly to reach counsel for defendant to learn of his position on this motion. Unfortunately, however, counsel for the United States has not yet been able to make contact with defense counsel regarding this motion. Consequently, defense counsel's position is not currently known.

For the foregoing reasons, the United States of America respectfully requests a nine-day trial

continuance resulting in the first day of trial on July 5, 2000.

> Respectfully submitted,
>
> GUY A. LEWIS
> UNITED STATES ATTORNEY
>
> By *[signature]*
> ROBIN S. ROSENBAUM
> ASSISTANT U.S. ATTORNEY
> Florida Bar No. 908223
> 500 E. Broward Blvd., Suite 700
> Fort Lauderdale, Florida 33394
> Tel: (954) 356-7255 ext. 3595
> Fax: (954) 356-7336

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this notice was sent this ___ day of June, 2000, by facsimile and United States mail, first class, to Akhtar Hussain, 2465 N.W. 7th Street, Miami, Florida 33125.

*[signature]*
Robin S. Rosenbaum
Assistant U.S. Attorney

4