<sup>
</sup>
<sup></sup>

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6115-CR-DIMITROULEAS

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) |
| v | )    **NIGHT BOX**<br>)       **FILED**<br>) |
| KIRK STEWART, | )    **JUN 2 0 2000**<br>) |
|          Defendant | )    CLARENCE MADDOX<br>)    CLERK, USDC / SDFL / FTL |

## GOVERNMENT'S ALTERNATIVE NOTICE OF 404(b) EVIDENCE

The United States of America, by and through undersigned counsel, hereby files this alternative notice of intent to rely upon evidence admissible pursuant to Rule 404(b), Fed. R. Evid. The United States respectfully submits that the evidence in question actually constitutes intrinsic evidence of uncharged offenses that arose out of the same series of transactions as the charged offenses. United States v. Muscatell, 42 F.3d 627, 630 (11th Cir. 1995) ("Evidence of criminal activity other than the charged offense is not extrinsic within the meaning of Rule 404(b) if it is an uncharged offense that arose out of the same transaction or series of transactions as the charged offense."), see also United States v. Utter, 97 F.3d 509, 513 (11th Cir. 1996) ("'Bad acts' evidence is not extrinsic under Rule 404(b) if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense."), United States v. Schlei, 122 F.3d 944, 990 (11th Cir. 1997) (citing Muscatell), cert. denied, 523 U.S. 1077 (1998)



Alternatively, if the Court concludes that the evidence in question does not constitute intrinsic evidence of uncharged offenses that arose out of the same series of transactions as the charged offenses, the United States intends to rely upon the evidence pursuant to Rule 404(b), Fed. R. Evid., as it constitutes evidence of defendant's intent, preparation, plan, knowledge, identity, and absence of mistake or accident.  See United States v. Zapata, 139 F.3d 1355, 1358 (11th Cir. 1998) (Evidence must meet three requirements to be admissible under Rule 404(b). (1) the evidence must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act, and (3) the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the requirements of Rule 403)

The evidence upon which the United States intends to rely is as follows:

1. Defendant provided Marcia Gutzmore with cocaine to smuggle into the United States onboard an Air Jamaica flight direct from Jamaica to Fort Lauderdale.

2. On or about May 8, 1999, defendant provided Shawn Linton with cocaine to smuggle into the United States onboard an Air Jamaica flight direct from Jamaica to Fort Lauderdale and

2

accompanied him onboard the flight

                              Respectfully submitted,

                              GUY A. LEWIS
                              UNITED STATES ATTORNEY

By:    */s/ Robin S. Rosenbaum*
                              ROBIN S. ROSENBAUM
                              ASSISTANT U.S. ATTORNEY
                              Florida Bar No. 908223
                              500 E. Broward Blvd., Suite 700
                              Fort Lauderdale, Florida 33394
                              Tel. (954) 356-7255 ext. 3595
                              Fax. (954) 356-7336

### **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this notice was sent this ___ day of June, 2000, by facsimile and United States mail, first class, to Akhtar Hussain, 2465 N.W. 7th Street, Miami, Florida 33125.

                              */s/ Robin S. Rosenbaum*
                              Robin S. Rosenbaum
                              Assistant U.S. Attorney