

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

July 12, 2001

RE: 00-15228-DD    USA v. Kirk Stewart
DC DKT NO.: 00-06115 CR-WPD

TO:  Clarence Maddox

CC:  John R. Howes

CC:  Anne R. Schultz

CC:  William J. Zloch

CC:  Kathleen M Salyer

CC:  Robin S. Rosenbaum

CC:  Robert Ryckoff

CC:  Administrative File

CC:  Administrative File



# United States Court of Appeals
Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

In Replying Give Number
Of Case And Names of Parties

July 12, 2001

Clarence Maddox
Clerk, U.S. District Court
299 E. Broward Blvd
Fort Lauderdale FL 33301

RE: 00-15228-DD    USA v. Kirk Stewart
DC DKT NO.: 00-06115 CR-WPD



The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

Also enclosed are the following:
Original Exhibits, consisting of: one psi
Original record on appeal or review, consisting of: one volume and one supplemental volume

Please acknowledge receipt on the enclosed copy of this letter.

A copy of this letter and the judgment form, but not a copy of the court's opinion or Rule 36-1 decision, is also being mailed to counsel and pro se parties. A copy of the court's opinion or Rule 36-1 decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: Daniel Laurence

Encl.

MDT-1 (1-2001)

# United States Court of Appeals

For the Eleventh Circuit

| No. 00-15228 | FILED<br>U.S. COURT OF APPEALS<br>ELEVENTH CIRCUIT |
|---|---|
| District Court Docket No.<br>00-06115-CR-WPD | Jun 12, 2001<br>THOMAS K. KAHN<br>CLERK |

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

KIRK STEWART,

    Defendant-Appellant.



A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

---

Appeal from the United States District Court
for the Southern District of Florida

---

J U D G M E N T

It is hereby ordered, adjudged, and decreed that the attached opinion, included herein by reference, is entered as the judgment of this Court.

    Entered: June 12, 2001
For the Court: Thomas K. Kahn, Clerk
        By: McCombs, Elaine



cr-06115-WPD    Document 70    Entered on FLSD Docket 07/18/2001    F

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 00-15228
Non-Argument Calendar



FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

JUN 12 2001

THOMAS K. KAHN
CLERK

D.C. Docket No. 00-06115-CR-WPD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KIRK STEWART,



Defendant-Appellant.

Appeal from the United States District Court for the
Southern District of Florida

(June 12, 2001)

Before EDMONDSON, HULL and WILSON, Circuit Judges.

PER CURIAM:

Kirk Stewart appeals from his 97-month sentences for conspiracy to import

cocaine, 21 U.S.C. § 963, importation of cocaine, 21 U.S.C. § 952(a), conspiracy

to possess with intent to distribute cocaine, 21 U.S.C. § 846, and possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1).

## I. ACCEPTANCE OF RESPONSIBILITY

Stewart first argues that the district court erred in denying his request for a two-point reduction for acceptance of responsibility because he affirmatively accepted responsibility for his actions at sentencing. He asserts that the court erred in failing to consider his diminished mental capacity, lack of education, and Jamaican upbringing in determining whether or not he had accepted responsibility.

Whether a defendant is entitled to a reduction for acceptance of responsibility is a factual determination that we review for clear error. United States v. Hernandez, 160 F.3d 661, 667 (11th Cir. 1998). A district court's finding that a defendant is not entitled to an acceptance-of-responsibility reduction will not be set aside unless the facts clearly establish that the defendant has accepted personal responsibility. United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir. 1999), cert. denied, 528 U.S. 1126 (2000). The defendant bears the burden of proving the entitlement to the reduction and must show more than just entering a guilty plea. Id. Pursuant to U.S.S.G. § 3E1.1(a), a defendant who clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct may receive a downward adjustment for acceptance of

responsibility. A chief factor that the district court considers is whether the defendant truthfully admitted the conduct comprising the offense of conviction. U.S.S.G. § 3E1.1, comment. (n.1(a)). A defendant who falsely denies or frivolously contests relevant conduct that the court deems to be true has acted in a manner inconsistent with acceptance of responsibility. Id.

Upon review of the record, the plea colloquy and sentencing transcripts and upon consideration of the parties' briefs, we find no reversible error. We conclude that the district court did not commit clear error in denying Stewart a reduction based on acceptance of responsibility because Stewart continued to deny certain involvement in the offenses of conviction through sentencing.

## II. ROLE IN OFFENSE

Relying on United States v. Glinton, 154 F.3d 1245 (11th Cir. 1998), cert. denied, 526 U.S. 1032 (1999), Stewart also argues that the district court erred in applying an enhancement based on its finding that he occupied a supervisory or managerial role in the offenses because (1) he disputed the factual basis for the enhancement, and (2) as a result, the government failed to meet its burden of proof.

We review for clear error a district court's determination of a defendant's aggravating role in the offense. United States v. Garrison, 133 F.3d 831, 843

3

(11th Cir. 1998). The government bears the burden of proving by a preponderance of the evidence the existence of an aggravating role. Glinton, 154 F.3d at 1259. The Sentencing Guidelines provide for a two-level enhancement if "the defendant was an organizer, leader, manager, or supervisor in any criminal activity . . . ." U.S.S.G. § 3B1.1(c). To qualify for this enhancement, the defendant must have organized, led, managed, or supervised "one or more participants." U.S.S.G. § 3B1.1, comment. (n.2). Factors the courts should consider in determining whether this enhancement applies include the (1) exercise of decision making authority, (2) nature of participation in the commission of the offense, (3) recruitment of accomplices, (4) claimed right to a larger share of the fruits of the crime, (5) degree of participation in planning or organizing the offense, (6) nature and scope of the illegal activity, and (7) degree of control and authority exercised over others. Id. comment. (n.4).

After review of the record in its entirety, we find that the district court did not clearly err in applying an enhancement based on Stewart's supervisory role in the offenses because Stewart recruited and paid at least one courier, exercised decision making authority, and claimed a larger share of the proceeds of the offenses.

**AFFIRMED.**

A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia