UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6115-CR-DIMITROULEAS

UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )
vs.                            )
                               )
KIRK STEWART,                  )
                               )
            Defendant.         )
_____)



## GOVERNMENT'S RESPONSE TO COURT'S SEPTEMBER 27 ORDER

The United States of America, by and through undersigned counsel, hereby responds to the Court's September 27, 2001, Order Deferring Ruling and states as follows:

1. As noted in the September 27, 2001, Order Deferring Ruling, the Court is aware that indigent prisoners may receive free transcripts only if a judge first certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal. United States v. Horvath, 157 F.3d 131, 132 (2d Cir. 1998). Undersigned counsel is not aware of defendant's having met these conditions, and, thus, he cannot qualify for free transcripts under Horvath. See also United States v. MacCollom, 426 U.S. 317 (1976).

2. Where transcripts already exist in the court file, the rule remains the same. The Eleventh Circuit has held as follows in this regard:

> We agree with the Seventh Circuit that prisoners have a right of access to the court files of their underlying criminal proceeding. We do not agree, however, that this right extends to access to the records for the purpose of *preparing* a collateral attack on a conviction. We hold that a request by a prisoner for access to the court files of his underlying criminal conviction is premature prior to the filing of a collateral attack on that conviction; a prisoner is



> entitled to access to the court files only after he has made a
> showing that such files are necessary to the resolution of an issue
> or issues he has presented in a non-frivolous pending collateral
> proceeding. It is only when a prisoner has made such a showing
> that the constitutional right of access to the courts is implicated.

Hansen v. United States, 956 F.2d 245, 248 (11th Cir. 1992) (citations omitted). Because

defendant does not appear to have complied with these prerequisites, his constitutional right of

access to the courts would not been implicated by the denial of transcripts to defendant.

3. Thus, although the United States has been unable to locate precedent directly on the

point for which the Court seeks guidance, the United States respectfully submits that based on

the previously cited cases, defendant does not have a right to Mr. Howes's copies of the

transcripts.

                              Respectfully submitted,

                              GUY A. LEWIS
                              UNITED STATES ATTORNEY

By: *[signature]*

        Robin S. Rosenbaum
        Assistant United States Attorney
        Florida Bar No. 908223
        500 E. Broward Blvd.
        Suite 700
        Fort Lauderdale, FL 33394
        Tel: (954) 356-7255 ext. 3595
        Fax: (954) 356-7336

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by United States mail this 1st day of October, 2001, to John Howes, Esq., 633 S.E. Third Avenue, Suite 4-F, Fort Lauderdale, Florida 33302, and Kirk Stewart, #60545-004, c/o FCI Loretto, P.O. Box 1000, Loretto, Pennsylvania 15940.

Robin S. Rosenbaum
Assistant United States Attorney