```
                        IN THE           02-60837
              UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF FLORIDA
                FORT LAUDERDALE DIVISION  CIV-DIMITROULEAS
```

KIRK STEWART,                )
    Defendant-Petitioner,    )
                             )
vs.                          )     CASE NO.: 00-6115-CR-WPD
                             )
UNITED STATES OF AMERICA,    )     MAGISTRATE JUDGE
    Plaintiff-Respondent.    )     SELTZER
_____/

### MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE BY PERSON IN FEDERAL CUSTODY

TO THE HONORABLE COURT:

Comes Now Kirk Stewart (hereinafter petitioner) who appears pro se in the above-styled cause, and files this motion, pursuant to Title 28 United States Code, Section 2255:

1. This motion attacks the judgment of conviction and sentence of the United States District Court for the Southern District of Florida, Fort Lauderdale Division;

2. Said judgment of conviction was entered on September 29, 2000;

3. The petitioner was sentenced to a term of imprisonment for ninty-seven (97) months as to count one through four, to be followed by a four (4) year term of supervised release and a four hundred dollar ($400.00) special assessment fee.

4. The nature of the offense charged with respect to the petitioner was conspiracy to import cocaine in violation of 21 U.S.C. § 963 (Count I); importation of cocaine into the United States in violation of 21 U.S.C. § 952(a) (Count II); conspiracy to possess cocaine with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count III); and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) (Count IV);



5. The petitioner entered a guilty plea to all counts charged in the indictment;

6. There was no trial;

7. Because there was no trial, the petitioner did not testify;

8. The petitioner appealed the sentence imposed;

9. The petitioner appealed the sentence imposed to the Eleventh Circuit Court of Appeals. The Eleventh Circuit affirmed the sentence on June 12, 2001;

10. The petitioner has not previously filed petitions; applications, or other motion with respect to this sentence in federal court;

11. The following are the grounds upon which the petitioner contends that he is being held in violation of the Constitution, law, or treaties of the United States, and a brief statement of the facts supporting each ground:

A. **GROUND ONE.** Conviction was unlawfully obtained by guilty plea. SUPPORTING FACTS: The petitioner was allowed to plea guilty to an indictment which the parties knew or should have known failed to charge drug type and quantity as offense elements, in violation of the Apprendi v. New Jersey, 120 S.Ct. 2348 (2000) doctrine. While the transcript shows that petitioner admitted to "the essential elements of the offense," Plea Transcript at pp.32, 33, the Plea Transcript establishes that the petitioner was not informed that drug type and quantity were elements of the offense. Neither was the petitioner advised that the government would have to prove drug type and quantity beyond a reasonable doubt. Had the petitioner knew that the government was required to prove drug type and quantity (elements of the offense) beyond a reasonable doubt, he would have insisted on going to trial rather than pleading guilty to the charges.

B. **GROUND TWO.** Denial of effective assistance of trial counsel. SUPPORTING FACTS: Counsel for the petitioner failed to take the following steps that a reasonable attorney would have taken and it is reasonable probable that, but for these errors, the outcome of the petitioner's case would have been different: (1) counsel failed to object or challenge the indictment's failure to charge drug type and quantity as offense elements since the case of <u>Apprendi v. United States</u>, 120 S.Ct. 2348 (2000) was decided prior to the petitioner entering his guilty plea; (2) counsel was ineffective for allowing the petitioner to enter into a guilty plea that failed to charge drug type and quantity as elements of the offense; (3) counsel failed to object or require the government to prove the <u>type</u> of drug alleged in the indictment beyond a reasonable doubt; (4) counsel failed to object or require the government to prove drug quantity (not charged in the indictment) beyond a reasonable doubt; (5) counsel failed to object or challenge the Court's preponderance of the evidence finding that petitioner was a manager or supervisor in violation of the <u>Apprendi</u> doctrine and; (6) counsel failed to object or challenge the Court sentencing the petitioner to a four (4) year term of supervised release, whereas the petitioner should have been sentenced to a three (3) year term of supervised release.

C. **GROUND THREE.** Denial of effective assistance of counsel on direct appeal. SUPPORTING FACTS: Counsel for the petitioner failed to take the following steps that a reasonable attorney would have taken and it is reasonably probable that, but for these errors, the outcome of the petitioner's case would have been different: (1) counsel failed to argue/raise issues 1-6 contained in Ground Two <u>ante</u>; (2) counsel failed to argue that trial counsel was ineffective for failing to bring the <u>Apprendi</u> errors to the district court's attention. This is especially so, since the petitioner had new

counsel for appeal and the record relevant to the ineffective-assistance claims were well-developed in the trial record.

12. All grounds listed above were not previously presented because of trial and appellate counsels ineffectiveness.

13. The petitioner does not have any petition pending on direct appeal or in this Court.

14. The name and address of petitioner's attorneys throughout the proceedings are: Akhtar Hussain, Esq., 2465 N.W. 7th Street, Miami, Florida 33125; John R. Howes, Esq., 633 Southeast Third Avenue, 4R, Fort Lauderdale, Florida 33301.

15. The petitioner was not sentenced on more than one count of the indictment, or on more than one indictment, in the same court or at the same time.

16. The petitioner does not have any future sentence to serve after he has completed the sentence imposed by the judgment under attack.

WHEREFORE, the petitioner **prays** that the Court will grant him all relief which he may be entitled in this proceeding, including, but not limited to:

a) An evidentiary hearing;

b) Discovery to develop additional facts in support of his claim;

c) Leave to submit additional memoranda when the facts are fully developed;

d) A new sentencing hearing; and

e) An out-of-time appeal.

RESPECTFULLY SUBMITTED,

BY: *Kirk Stewart*
KIRK STEWART

I declare under the penalty of perjury that the foregoing is true and correct.

BY: *Kirk Stewart*
KIRK STEWART

Executed on this 4 day of June, 2002.

Copy to:

Robin S. Rosenbaum, Esq.

KS/p

5

## CERTIFICATE OF SERVICE

This is to certify I have this date under the penalty of perjury (Title 28 U.S.C. § 1746 and the institution mailbox rule) served a true and correct copy of the foregoing Motion to Vacate, Set Aside or Correct Sentence by Person in Federal Custody upon counsel of record as follows:[1]

> Robin S. Rosenbaum, Esq.
> Assistant U.S. Attorney
> 500 E. Broward Boulevard
> Suite 700
> Fort Lauderdale, Florida 33394

by placing the same in the United States mail, first class postage prepaid and properly affixed thereto.

This _7_ day of June, 2002.

BY: _Kirk Stewart_
KIRK STEWART

Reg. No. 60545-004
FCI Loretto
P.O. Box 1000
Loretto, PA 15940

---

[1] Pursuant to the United States Supreme Court's holding in Houston v. Lack, 487 U.S. 266, 271-272 (1988) and Adams v. United States, 173 F.3d 1339, 1343 (11th Cir. 1999), this Motion to Vacate, Set Aside or Correct Sentence by Person in Federal Custody was delivered to prison authorities for forwarding to the Court on the date shown above. Therefore, this motion should be deemed filed with the Court on the aforesaid date.