UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KIRK STEWART,  CASE NO. 02-60837-CIV-DIMITROULEAS
              (00-6115-CR-DIMITROULEAS)
    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondent.
_____/



### FINAL JUDGMENT AND ORDER DENYING MOTION TO VACATE

THIS CAUSE having been heard upon Petitioner's (Stewart) timely June 8, 2002 Motion to Vacate [DE-1] and Motion for Leave to File Memorandum [DE-2], and the Court having presided over this cause, having reviewed the Court file, finds as follows:

1. On May 9, 2000, Stewart and a co-defendant were indicted and charged with Conspiracy to Import Cocaine into the United States, Importation of Cocaine, Conspiracy to Possess with Intent to Distribute Cocaine, and Possession with Intent to Distribute Cocaine. [CR-DE8].

2. <u>Apprendi v. New Jersey</u>, 120 S. Ct. 2348 (2000) was decided on June 26, 2000.

3. Jury selection commenced on June 26, 2000 [CR-DE-35].

4. On June 27, 2000, Stewart pled guilty on all four counts. [CR-DE-38].

5. On September 11, 2000, this Court granted Stewart's request to change lawyers. [CR-DE-50].

6. On September 28, 2000, Stewart was sentenced to 97 months in prison. [CR-DE-58].

7. On June 12, 2001, the Eleventh Circuit Court of Appeals affirmed. [CR-DE-70]. <u>US.v. Stewart</u>, 263 F. 3d 170 (11th Cir. 2001).

1



8. In this collateral attack, Stewart complains that 1) his plea was involuntary; 2) ineffective assistance of trial counsel for failing to object to the indictment, for failing to object to his role being determined by a preponderance of the evidence, and for failing to object to a four year supervised release, and ineffective assistance of appellate counsel.

A. Stewart's complaints about his plea are reviewed under a plain error standard. U.S. v. Sanchez, 269 F. 3d 1250, 1280 (11th Cir. 2001), cert. denied, 122 S. Ct. 1327 (2002). Because Stewart was sentenced to less than twenty (20) years in prison, drug quantity did not become an element of the offense. Sanchez at 1281. Stewart was aware that the Government had to prove that cocaine was imported and possessed. The Indictment was read to him. [CR-DE-62, pp. 19-20]. There was no objection to the factual basis. [CR-DE-62, p. 34]. The court had already heard the Government's opening statement [CR-DE-67]. Stewart stated that he understood the elements of the offense. [CR-DE-62, p. 33]. The plea was voluntary.

B. Counsel's failure to anticipate a change in the law does not constitute ineffective assistance of counsel. Spaziano v. Singletary, 36 F. 3d 1028, 1039 (11th Cir. 1994), cert. denied, 115 S. Ct. 911 (1995); Gattis v. Snyder, 278 F. 3d 222, 231 (3d Cir. 2002). Trial counsel was in trial on this case when Apprendi was decided. Stewart decided to plead guilty in the middle of trial, one day after Apprendi was decided. Counsel can not be faulted for not objecting. Moreover, no prejudice can be shown where Stewart was sentenced to less than twenty (20) years in prison, the default provision of the statute, 21 U.S.C. § 841 (b)(1)(c). U.S. v. Sanchez, 269 F. 3d 1250, 1268 (11th Cir. 2001), cert. denied, 122 S. Ct. 1327 (2002). The court had jurisdiction in this case. U.S. v. Cotton, 122 S. Ct. 1781 (2002). The amount of drugs involved in the case was clearly greater than five hundred (500) grams. The police found 711.8 grams of cocaine in the co-defendant's shoes [CR-DE-63, p. 24]. The evidence in the case was

overwhelming. [CR-DE-63, p. 63].

  C. <u>Apprendi</u> does not require a jury to determine whether the petitioner played an aggravating role in the case. <u>U.S. v. Gallego</u>, 247 F. 3d 1191, 1200 (11th Cir. 2001), <u>cert. denied</u>, 2002 WL 1049718 (May 28, 2002). In the appeal of this case, the Eleventh Circuit, citing <u>U.S. v. Glinten</u>, 154 F. 3d 1245 (11th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1032 (1999) held that the government need only prove an aggravating role by a preponderance of the evidence. The Eleventh Circuit went on to say that because Stewart recruited and paid at least one courier, exercised decision making authority, and claimed a larger share of the proceeds, an aggravating role assessment was proper. [CR-DE-63, pp. 66-67].

  D. Four year supervised release sentences are lawful under the facts of this case. <u>U.S. v. Sanchez</u>, 269 F. 3d 1250, 1288 (11th Cir. 2001), <u>cert. denied</u>, 122 S. Ct. 1327 (2002).

  E. Appellate counsel can not be faulted for failing to raise non-meritorious issues on appeal. <u>Wright v. U.S.</u>, 182 F. 3d 458, 466 (6th Cir. 1999). The <u>Apprendi</u> issues were not "dead bang" winners on appeal. <u>Smith v. Massey</u>, 235 F. 3d 1259, 1274 (10th Cir. 2000), <u>cert. denied</u>, 122 S. Ct. 235 (2001). It is rarely ineffective assistance of counsel to omit issues that would receive only plain error review. <u>Roberts v. Delo</u>, 205 F. 3d 349, 352 (8th Cir. 2000). Appellate counsel's decision not to raise an issue on appeal can be strategic to emphasize stronger issues. <u>Armstrong v. Gammon</u>, 195 F. 3d 441, 444 (8th Cir. 1999), <u>cert. denied</u>, 120 S. Ct. 1731 (2000); <u>U.S. v. Williamson</u>, 183 F. 3d 458, 462 (5th Cir. 1999).

Wherefore, it is hereby ordered and adjudged that Stewart's Motion for Leave to File Memorandum is DENIED and Stewart's Motion to Vacate is DENIED.

The Clerk shall close this case.

The Clerk shall deny any pending motions as Moot.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this \_\_\_ day of June, 2002.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Robin Rosenbaum, AUSA

Kirk Stewart, #60545-004
c/o FCI
P.O. Box 1000
Loretto, PA 15940